FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

2006 MAY -3  PM 1:45

GREGORY C. LANGHAM
CLERK

BY_____DEP. CLK

Ellen E. Christensen
United States Attorney's Office
211 W. Fort Street
Suite 201
Detroit, MI 48226-3211
313-226-9100
Email: ellen.christensen@usdoj.gov

Arlene M. Embrey
U. S. Small Business Administration
409 Third Street, S.W., Seventh Floor
Washington, D.C. 20416
202-205-6976
Email: Arlene.embrey@sba.gov

Attorneys for Plaintiff

Michael K. Wyatt
Hogan & Hartson, LLP
555 Thirteenth Street, N.W.
Washington, D.C. 20005
202-637-5684
Email: mkwyatt@hhlaw.com

Perry M. Kantner
Robert W. Roddis
Kantner and Associates
661 Airport Boulevard, Suite 2A
Ann Arbor, MI 48108
(734) 769-3430
Email: pmkantner@cs.com

Attorneys for Defendant

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PACIFIC CAPITAL, LP<br><br>Defendant. | )<br>)<br>)<br>) 06-MC-0025<br>)<br>) Civ. Action No. 06-10856 (BAF)<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER

Before this Court is the motion by the United States of America, on behalf of the United

States Small Business Administration ("SBA"), for a preliminary and permanent injunction and

the appointment of the SBA as Permanent Receiver for Pacific Capital, LP ("Pacific Capital" or

"Defendant"). The Court, being fully advised in the merits, hereby:

ORDERS, ADJUDGES AND DECREES THAT:

WDC - 21559/0001 - 2260446 v1

1.      Pursuant to the provisions of 15 U.S.C. § 687c, this Court shall take exclusive jurisdiction of Pacific Capital, LP ("Pacific Capital" or "Defendant"), and all of its assets, wherever located, and the United States Small Business Administration ("SBA"), is hereby appointed receiver ("the Receiver") of Pacific Capital to serve without bond until further order of this Court.  The Receiver is appointed for the purpose of administering, marshalling and, if necessary, liquidating all of Pacific Capital's assets to satisfy the claims of creditors therefrom in the order of priority as determined by this Court.

2.      The Receiver shall have all powers, authorities, rights and privileges heretofore possessed by the general partners, managers, officers, directors, employees and agents of Pacific Capital under applicable state and federal law, and by the Certificate and Limited Partnership Agreement of said partnership, in addition to all powers and authority conferred upon the Receiver by the provisions of 15 U.S.C. § 687c and 28 U.S.C. § 754.  The general partners, managers, directors, officers, employees and agents of Pacific Capital are hereby dismissed.  Such persons shall have no authority with respect to Pacific Capital's  operations or assets, except as may hereafter be expressly granted by the Receiver.  Notwithstanding the foregoing, this Court understands that the Parties acknowledge that the individual members of Woodlot Management, LLC, the former management company of Pacific Capital, have offered to continue as compensated consultants to Pacific Capital to the extent and on such terms as the Receiver may accept in accordance with paragraph 5, below.  The Receiver shall assume and control the operation of Pacific Capital and shall pursue and preserve all of its claims.

3.      The past and/or present officers, directors, agents, managers, general partners, accountants, attorneys and employees of Pacific Capital, as well as all those acting in their place, are hereby ordered and directed to turn over to the Receiver forthwith all books, records,

documents, accounts and all other instruments and papers of said partnership and all other assets and property of the partnership, whether real or personal, upon receipt of instructions by the Receiver regarding the time and place of such production. Pacific Capital, Pacific Capital Corporation, WP Pacific GP LLC, Woodlot Management, LLC, and/or Woodlot II GP, LLC, shall furnish a written statement to the Receiver within five (5) business days after the entry of this Order, listing the identity, location and estimated value of all assets of Pacific Capital as well as the names, addresses and amounts of claims of all creditors of Pacific Capital of which Pacific Capital, Pacific Capital Corporation, WP Pacific GP LLC, Woodlot Management, LLC, and/or Woodlot II GP, LLC, have knowledge. All persons and entities having control, custody or possession of any assets or property of Pacific Capital, including the general partners and the management company of Pacific Capital, are hereby directed to turn such property over to the Receiver.

4.      The Receiver shall promptly give notice of its appointment to all known general and limited partners, officers, directors, agents, managers, employees, shareholders, creditors, debtors and agents of Pacific Capital. All persons and entities owing any obligations or debts to Pacific Capital shall, until further ordered by this Court, pay all such obligations in accordance with the terms thereof to the Receiver, and its receipt for such payments shall have the same force and effect as if Pacific Capital had received such payments.

5.      The Receiver is hereby authorized to open such Receiver's bank accounts, at banking or other financial institutions, to extend credit on behalf of Pacific Capital, to utilize SBA personnel, and to employ such other personnel as necessary to effectuate the operation of the Receivership including, but not limited to, attorneys, accountants, and consultants and is further authorized to expend Receivership funds to compensate such personnel in such amounts and upon such terms as the Receiver shall deem reasonable in light of the usual fees and billing practices and

procedures of such personnel. The Receiver is not required to obtain Court approval prior to the disbursement of Receivership funds for payments to personnel employed by the Receiver or payments for expenses incidental to administration of the Receivership. In addition, the Receiver is authorized to reimburse the SBA or its employees for travel expenses incurred by SBA personnel in the establishment and administration of the Receivership. The Receiver may, without further order of this Court, transfer, compromise, or otherwise dispose of any claim or asset, other than real estate, which would result in net proceeds to the Receiver.

6. Pacific Capital's past and/or present officers, directors, agents, managers, general partners, shareholders, employees, and other appropriate persons (including, without limitation, the Defendant's portfolio of small business concerns, and banks or other financial institutions doing business with Defendant and/or Defendant's portfolio of small business concerns) shall answer under oath, pursuant to a Receiver's Notice or Subpoena, to the Receiver, all questions which it may put to them regarding the business of said partnership, or any other matter relevant to the operation or administration of the Receivership or the collection of funds due to Pacific Capital. In the event that the Receiver deems it necessary to require the appearance of the aforementioned persons, the production of documents, information, or any other form of discovery concerning the assets, property or business assets of Pacific Capital or any other matter relevant to the operation or administration of the Receivership or the collection of funds due to Pacific Capital, the Receiver shall direct notice for any such appearance by certified mail, and said persons shall appear and give answer to the Receiver, produce documents or submit to any other form of discovery in accordance with the Federal Rules of Civil Procedure.

7. The parties or prospective parties to any and all civil legal proceedings wherever located, including, but not limited to arbitration proceedings, bankruptcy or foreclosure actions,

default proceedings, or any other proceedings involving Pacific Capital or any assets of Pacific Capital, involving Pacific Capital or its present or past officers, directors, managers, or general partners or the Receiver, which parties have brought suit or have been sued for, or in connection with, any action taken by Pacific Capital's officers, directors, managers, or general partners while acting in such capacity whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise, or with respect to any assets of Pacific Capital, are enjoined from taking any action, including discovery, commencing or continuing any legal proceeding of any nature in connection with any proceeding except as otherwise provided in the last sentence of paragraph 8 of this Order.

8.      All pending civil legal proceedings wherever located, including arbitration proceedings, foreclosure activities, bankruptcy actions, or default proceedings involving Pacific Capital or any of its assets or any action of any nature taken by Pacific Capital's present or past officers, directors, managers, or general partners, which parties have brought suit or have been sued for, or in connection with, any action taken by them while acting in their official capacity whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise, are stayed in their entirety and all Courts having any jurisdiction over any pending civil legal thereof are enjoined from taking or permitting any action until further Order of this Court. Notwithstanding the foregoing, the following cases are exempt from this stay order until further Order of this Court: (a) the instant proceeding; (b) the separate receivership action filed in this Court styled *United States v. White Pines Limited Partnership I*; and (c) the pending action styled *Pacific Capital v. Emergystat, Inc., et al (Law Court for Sullivan County, Tennessee)*.

9.      Pacific Capital and its past and/or present directors, officers, managers, general partners, agents, employees and other persons acting in concert or participation therewith be, and they hereby are, enjoined from either directly or indirectly taking any actions or causing any such

action to be taken which would dissipate the assets and property of Pacific Capital to the detriment of the Receiver appointed in this cause, including but not limited to destruction of partnership records, or which would violate the Small Business Investment Act of 1958, as amended, (the "SBIA"), 15 U.S.C. § 661, et seq., or the regulations promulgated thereunder, (the "Regulations"), 13 C.F.R. §107.1, et seq.

10.     The Receiver is authorized to borrow on behalf of Pacific Capital, from the SBA, up to $1,000,000, and is authorized to cause Pacific Capital to issue Receiver's Certificates of Indebtedness in the principal amounts of the sums borrowed, which certificates will bear interest at or about ten (10) percent per annum and will have a maturity date no later than 18 months after the date of issue. Said Receiver's Certificates of Indebtedness shall have priority over all other debts and obligations of Pacific Capital, excluding administrative expenses of the Receivership, whether presently existing or hereinafter incurred, including without limitation any claims of equity holders of Pacific Capital.

11.     This Court determines and adjudicates that Pacific Capital has violated the Capital Impairment provisions of the SBIA and of the Regulations, as alleged in the Complaint filed in this matter. After completing its activities in accordance with this Order, the Receiver may submit a report to this Court recommending that Pacific Capital's license as an SBIC be surrendered and revoked.

12.     The United States Small Business Administration is further entitled to a judgment against Pacific Capital in the total sum of $9,384,549.03, consisting of principal in the amount of $9,364,803.79 and accrued interest in the amount of $19,745.24 as of April 18, 2006 with a per diem rate of $1,518.85 up to the date of entry of this Order, plus post judgment interest pursuant to 28 U.S.C. § 1961 as of the date of entry of this Order.

6

13.     Any arrangements, including powers of attorney, entered into by and between Woodlot Management, LLC and/or the individual managers thereof and certain co-investors in certain portfolio companies of Pacific Capital are hereby maintained in their entirety; *provided that*, no actions shall be taken thereunder by any person or party which shall interfere with or impede the actions of the Receiver or the administration of the receivership estate; and *provided further that*, neither SBA in its capacity as federal agency or its representatives, SBA in its capacity as Court appointed Receiver or the Receiver's agents or representatives shall absorb or be responsible for any duties or liabilities arising from, or referring or relating to, such arrangements.

SO ORDERED this ___ day of April ___, 2006.

THE HONORABLE BERNARD A. FRIEDMAN
UNITED STATES DISTRICT COURT CHIEF JUDGE

Dbt f !3;17.dw21967.CBG.STX !!!!!Epdvn f ou2!!!!!Gjrfie!13C8C3117!!!!!Qbhf !2!pg22

ORIGINAL

11

STEPHEN J. MURPHY
UNITED STATES ATTORNEY

Ellen E. Christensen
United States Attorney's Office
211 W. Fort Street
Suite 2001
Detroit, MI 48226-3211
313-226-9100
Email: ellen.christensen@usdoj.gov

Arlene M. Embrey
U.S. Small Business Administration
409 Third Street, S.W., Seventh Floor
Washington, D.C. 20416
202-205-6976
Email: arlene.embrey@sba.gov

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff

      v.

PACIFIC CAPITAL, LP
a/k/a Woodlot II Limited Partnership

      Defendant

Case: 2:06-cv-10856
Assigned To : Friedman, Bernard A
Referral Judge: Whalen, R. Steven
Assign. Date : 2/27/2006 @ 12:55 p.m.
Description: CMP USA V. PACIFIC
CAPITAL, LP (TAM)

## COMPLAINT

COMES NOW Plaintiff, the United States of America on behalf of its agency, the

United States Small Business Administration, and for its cause of action states as follows:

### PARTIES, JURISDICTION AND VENUE

1.     This is a civil action brought by the United States of America on behalf of

its agency, the United States Small Business Administration (hereinafter, "SBA,"

Dbtf !3;17.dw21967.CBG.STX !!!!!Epdvn f ou2!!!!!Gjrfte!13C88C3117!!!!!Cbhf !3!pg22

"Agency" or "Plaintiff"), whose central office is located at 409 Third Street, S.W., Washington, DC 20416.

2.      Jurisdiction is conferred on this Court by virtue of the Small Business Investment Act of 1958, as amended (hereinafter, the "Act"), Sections 308(d), 311, and 316; 15 U.S.C. §§ 687(d), 687c, 687h; and 28 U.S.C. § 1345.

3.      Defendant, Pacific Capital, LP (hereinafter, "Pacific Capital" or "Defendant"), is a Delaware limited partnership currently maintaining its principal place of business at 3840 Packard Road, Suite 110, Ann Arbor, Michigan, 48108.  Venue is therefore proper under 15 U.S.C. §§ 687(d), 687h, and 28 U.S.C. § 1391(b). Pacific Capital is also known as Woodlot II Limited Partnership.

## STATEMENT OF FACTS AND APPLICABLE LAW

4.      Paragraphs 1 through 3 are incorporated by reference as though fully set forth herein.

5.      Defendant was licensed by SBA as a small business investment company ("SBIC") on or about May 22, 1995, SBA License No. 05/04-0261, under Section 301(c) of the Small Business Investment Act, 15 U.S.C. § 681(c), solely to do business under the provisions of the Act and the regulations promulgated thereunder.

6.      Defendant's General Partners include WP Pacific, LLC and Pacific Capital GP, LLC, both of which maintains their principal place of business at 3840 Packard Road, Suite 110, Ann Arbor, Michigan, 48108.

7.      Section 308(c) of the Act, 15 U.S.C. §687(c), empowers SBA to prescribe regulations to carry out the provisions of the Act and to govern the operations of SBICs.

Dbt f !3;17.dw.21967.CBG.STX !!!!!Epdvn f ju2!!!!!Gjrfie!13Œ8Œ117!!!!!Qbhf !4lpg22

SBA has duly promulgated such regulations, which are codified at Title 13 of the Code of Federal Regulations, Part 107 (the "Regulations").

8. Defendant's Agreement of Limited Partnership expressly incorporates the Act and Regulations.

9. Section 303 of the Act, 15 U.S.C. §683, authorizes SBA to provide leverage to licensed SBICs.

10. Pursuant to Section 303 of the Act, 15 U.S.C. §683, SBA provided funds to Defendant through the purchase and/or guaranty of the following Debentures, a form of Leverage, as those terms are defined under the Regulations, in the total principal amount of $13,750,000 as follows:

a. No. 04654552-04 in the amount of $   250,000.00;
b. No. 04655953-02 in the amount of $1,500,000.00;
c. No. 04654554-00 in the amount of $2,000,000.00;
d. No. 04654555-09 in the amount of $1,500,000.00;
e. No. 04654556-07 in the amount of $1,000,000.00;
f. No. 04673051-00 in the amount of $1,000,000.00;
g. No. 04673052-09 in the amount of $1,500,000.00;
h. No. 04673053-07 in the amount of $2,000,000.00;
i. No. 04673054-05 in the amount of $2,000,000.00; and
j. No. 04683055-03 in the amount of $1,000,000.00.

As of January 20, 2006, there is remains $10,370,044.62 in Debenture Leverage outstanding, consisting of principal in the amount of $10,356,397.13 and accrued interest in the amount of $13,647.49 with a per diem rate of $1,705.93.

11. The Debentures described in paragraph 10, above, are subject to, and incorporate by reference, the Regulations, including but not limited to the provision of 13 C.F.R. §107.1810, 13 C.F.R. §§1830-1840 and 13 C.F.R §107.507.

12. Section 308(d) of the Act, 15 U.S.C. §687(d), provides that upon determination and adjudication of noncompliance or violation of the Act or the

Dbt f !3;17.dw21967.CBG STX !!!!!Epdvn f oU2!!!!!Gjrhe!13C8C81.17!!!!!Qbhf !5!pg22

Regulations, all of the rights, privileges and franchises of a Licensee such as Defendant may be forfeited and the company may be declared dissolved.

13.     Section 311 of the Act, 15 U.S.C. §687c, provides that if a determination by SBA that a Licensee such as Defendant, or any other person, has engaged in or is about to engage in any acts or practices which constitute or will constitute a violation of the Act or of any Rule or Regulation promulgated pursuant to the Act, or of any order issued under the Act, then SBA may make application for an injunction, and such Court shall have jurisdiction of such action and grant a permanent or temporary injunction, or other relief without bond, upon a showing that such Licensee has engaged in or is about to engage in any such acts or practices. The Court is authorized to appoint SBA to act as receiver for such Licensee.

## COUNT ONE
## CAPITAL IMPAIRMENT

14.     Paragraphs 1 through 13 are incorporated by reference as though fully set forth herein.

15.     Based on the SBA Form 468 submitted by Defendant for the period ending March 31, 2004, SBA determined that Defendant had a condition of Capital Impairment percentage, as that term is defined under the Regulations, of eighty seven percent (87%), in excess of the 55% maximum allowable percentage.

16.     By letter dated May 21, 2004 SBA notified Defendant that it was in violation of Section §107.1830(c ) due to its excessive capital impairment ratio.

17.     Pursuant to Sections 107.1820(f) and 108.1810(f)(5),(g) of the Regulations, the May 21, 2004 letter gave Defendant fifteen (15) days to cure its condition of capital impairment.

4

Dbt f !3;17.dw 21967.CBG STX !!!!!Epdvn f ou2!!!!!Girhe!13C380B117!!!!!Qbhf !6!pg22

18.   Defendant has failed to cure its condition of capital impairment.

19.   Based on a financial statement submitted by Defendant for the period ending September 30, 2005, SBA determined that Defendant's capital impairment ratio has risen to 116.7%.

20.   Defendant's failure to cure its condition of capital impairment is a violation of §107.1830(b) of the Regulations, as well as the terms of the Debenture Leverage.

21.   As a consequence of Defendant's violation of 13 C.F.R. §§107.1830(b) of the Regulations, SBA is entitled to the injunctive relief provided under the Act, 15 U.S.C. §687(d) and 687c, including the appointment of SBA as Receiver of Pacific Capital, LP and is also entitled to judgment in the amount of $10,370,044.62, consisting of principal in the amount of $10,356,397.13 and accrued interest in the amount of $13,647.49 as of January 20, 2006 with a per diem rate of $1,705.93 up to the date of entry of judgment plus post judgment interest thereon.

## COUNT TWO
### FAILURE TO PAY ACCELERATED INDEBTEDNESS

22.   Paragraphs 1 through 21 are incorporated by reference as though fully set forth herein.

23.   Section 107.1810 (g) of the Regulations provides that the entire indebtedness evidenced by Debentures owed to SBA may be declared immediately due and payable and that SBA may avail itself of any remedy under the Act, specifically including institution of proceedings for the appointment of SBA as the Receiver of the Licensee upon an event of default that remains uncured to SBA's satisfaction after notice is given and a fifteen (15) day cure period has elapsed.

5

Dbt f !3;17.dw.21967.CBG.STX !!!!!Epdvn f ou2!!!!!Grffie!13(3803117!!!!!Qbhf !7!pg22

24.    Section 107.1810(f)(5) provides that a condition of capital impairment as determined under Section 107.1830 is an event of default with opportunity to cure.

25.    By letter dated May 21, 2004, SBA gave Defendant fifteen (15) days to cure its condition of capital impairment.

26.    To date, Defendant has failed to cure the default.

27.    SBA has accelerated Defendant's entire Debenture indebtedness and made demand for payment in full of the Debentures.

28.    To date, Defendant has not made full payment to SBA of the accelerated amount due and the amount of the indebtedness to SBA evidenced by the Debentures is still outstanding

29.    As of January 20, 2006, Defendant is indebted to SBA under the Debentures in the amount of in the amount of $10,370,044.62, consisting of principal in the amount of $10,356,397.13 and accrued interest in the amount of $13,647.49 as of January 20, 2006 with a per diem rate of $1,705.93 up to the date of entry of judgment.

30.    As a consequence of Defendant's uncured violations of 13 C.F.R. §§107.1830(b) and 107.1810(f) of the Regulations, SBA is entitled to the injunctive relief provided under the Act, 15 U.S.C. §687(d) and 687c, including the appointment of SBA as Receiver of Pacific Capital, LP a/k/a Woodlot II Limited Partnership.

## COUNT THREE
## NON-PERFORMANCE WITH TERMS OF LEVERAGE

31.    Paragraphs 1 through 30 are incorporated by reference as though fully set forth herein.

6

Dbt f !3;17.dw21967.CBG STX !!!!!Epdvn f ou2!!!!!Girhe!13CB8CB117!!!!!Qbhf !8!pg22

32.     Defendant's violations of 13 C.F.R. §107.1830(b), capital impairment, and

13 C.F.R. §107.1810(f)(5), events of default with opportunity to cure, is also a violation

of Section 107.507(a) for nonperformance of the terms of Debentures.

33.     Each Debenture instrument specifically incorporate the terms of the

Regulations. Thus, a violation of any regulation, including exceeding the maximum

capital impairment percentage, is a violation of the terms of each and every Debenture.

34.     Defendant's uncured condition of capital impairment is a violation of the

terms of its Leverage as evidenced by the Debentures, of which $10,370,044.62 remains

outstanding as of January 20, 2006.

35.     Defendant's uncured condition of Capital Impairment is a violation of

Section 107.1830(b) of the Regulations, Section 107.1810(f)(5)of the Regulations and the

terms of the Debentures. Therefore, Defendant is in violation of Section 107.507(a) of

the Regulations.

36.     As a consequence of Defendant's continuing violation of

13 C.F.R. § 507(a) of the Regulations, SBA is entitled to the injunctive relief provided

under the Act, 15 U.S.C. §687(d) and 687c, including the appointment of SBA as

receiver of Defendant, Pacific Capital, LP a/k/a Woodlot II Limited Partnership.

## CONCLUSION

WHEREFORE, Plaintiff prays as follows:

A.     That permanent injunctive relief be granted restraining Defendant, its

managers, general partner, limited partners, officers, agents, employees, financial

advisors, and other persons acting on Defendant's behalf, in concert or participation

therewith from: (1) making any disbursements of Defendant's funds; (2) using, investing,

Dbt f l3;17.dw21967.CBG.STX !!!!!Epdvn f ou2!!!!IGjrhe!13C88C8117!!!!!Qbhf !9!pg22

conveying, disposing, executing or encumbering in any fashion any funds or assets of Pacific Capital, wherever located; and (3) further violating the Act or the Regulations promulgated thereunder;

B.     That this Court determine and adjudicate Pacific Capital's noncompliance with and violation of the Act and the Regulations promulgated thereunder;

C.     That this Court take exclusive jurisdiction of Pacific Capital and all of its assets, wherever located, appoint SBA as permanent, liquidating receiver of Pacific Capital for the purpose of liquidating all of Pacific Capital's assets and satisfying the claims of creditors therefrom in the order of priority to be determined by this Court, and pursuing causes of action available to Pacific Capital against third parties, as appropriate;

D.     That this Court render Judgment in favor of SBA and against Pacific Capital, LP in the amount of $10,370,044.62, consisting of principal in the amount of $10,356,397.13 and accrued interest in the amount of $13,647.49 as of January 20, 2006 with a per diem rate of $1,705.93 up to the date of entry of this Order, together with post judgment interest pursuant to 28 U.S.C. § 1961 as of the date judgment is entered; and

E.     That this Court grant such other relief as may be deemed just and proper.

Respectfully submitted,

UNITED STATES OF AMERICA

STEPHEN J. MURPHY
UNITED STATES ATTORNEY

Date:   2-23-06      By:   _Ellen Christensen_

Ellen E. Christensen
United States Attorney's Office
211 W. Fort Street
Suite 2001
Detroit, MI 48226-3211

8

Dbt f !3;17.dw21967.CBG.STX !!!!!!Epdvn f ou2!!!!!Gjrhe!13C88C8117!!!!!Qbhf !: !pg22

313-226-9100
Email: ellen.christensen@usdoj.gov

Date:

Arlene M. Embrey
U.S. Small Business Administration
409 Third Street, S.W., Seventh Floor
Washington, D.C. 20416
(202) 205-6976
Email: arlene.embrey@sba.gov

JS 44 (Rev. 11/04)     **CIVIL COVER SHEET**

**ORIGINAL**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

United States of America

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Arlene M. Embrey, U.S. Small Business
Administration, 409 3rd St., S.W., 7th Fl.,
Washington, DC  20416   (202) 205-6976

**DEFENDANTS**

Pacific Capital, LP, a/k/a Woodlot II
Limited Partnership

County of Residence of First Listed Defendant   Washtenaw
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES...

Case: 2:06-cv-10856
Also   Assigned To : Friedman, Bernard A
Referral Judge: Whalen, R. Steven
Assign. Date : 2/27/2006 @ 12:55 p.m.
Description: CMP USA V. PACIFIC
CAPITAL, LP (TAM)

**II. BASIS OF JURISDICTION** (Select One Box Only)

- ☒ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (For Diversity Cases Only) (Select One Box for Plaintiff and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Select One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☒ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

**V. ORIGIN** (Select One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. 687(c) and (d)
Brief description of cause:
SBA receivership

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes   ☒ No

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE   2/24/06     SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____

Dbt f !3;17.dw21967.CBG STX !!!!!Epdvn f ou2!!!!!Gjrfe!13(38(3117!!!!!Qbhf !22!pg22

## PURSUANT TO LOCAL RULE 83.11

1.          Is this a case that has been previously dismissed?          ☐ Yes
                                                                         ☐ No

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____

2.          Other than stated above, are there any pending or previously    ☐ Yes
            discontinued or dismissed companion cases in this or any other
            court, including state court? (Companion cases are matters in which    ☒ No ?
            it appears substantially similar evidence will be offered or the same
            or related parties are present and the cases arise out of the same
            transaction or occurrence.)

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____

Notes :     *Two SBA receivership actions are being filed on the same date.  The other matter is
            USA v. White Pines.  The principals in USA v. Pacific Capital are the same as
            those in USA v. White Pines.